# Cooper & Kirk

Lawyers
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

Charles J. Cooper
ccooper@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

August 21, 2023

**By ECF**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

RE: *Huneyfund.Com Inc. v. Governor, State of Florida*, No. 22-13135 (11th Cir).

Mr. Smith:

Appellees invoke the Supreme Court's decision at the end of the last Term in *303 Creative LLC v. Elenis*, 143 S.Ct. 2298 (U.S.), as providing further support for a variety of propositions that have never been in dispute in this case.

First, they say that *303 Creative* "explained that even provisions styled as anti-discrimination laws are not immune from the demands of the … First Amendment." Doc. 50 at 1 (cleaned up). But the State has never suggested that the Individual Freedom Act ("IFA") is "immune" from First Amendment analysis because it is an "anti-discrimination" measure; rather, our central argument is that the First Amendment does not apply to the IFA because it governs an employer's *conduct* (making certain workplace trainings mandatory on pain of termination) rather than its *speech* (the instruction offered at those trainings). And *303 Creative* quite expressly does not address *that* question: as the Court stated, "this case presents no complication of" "determining what qualifies as expressive activity protected by the First Amendment" because "[t]he parties have *stipulated* that [the Petitioner] seeks to engage in expressive activity." 143 S.Ct. at 2319.

Appellees next say that *303 Creative* "observed that speakers do not shed their First Amendment protections by employing the corporate form to disseminate their speech." Doc. 50 at 1–2. We have never suggested that the fact that some of the Appellees are corporations in any way affects the constitutional analysis, so Appellees' invocation of *303 Creative* for this (long-settled) proposition is quite perplexing.

Finally, Appellees quote *303 Creative*'s statement that "the First Amendment protects an individual's right to speak his mind regardless of whether the government considers his speech sensible and well intentioned or deeply 'misguided' and likely to cause 'anguish' or 'incalculable

grief.' " Doc. 50 at 2 (quoting *303 Creative*, 143 S.Ct. at 2312). Once again, we have never claimed that "misguided" or hurtful speech is unprotected by the First Amendment, so this statement does not make contact with the State's arguments in this case at all.

    The Court's decision in *303 Creative* has no bearing on this case.

*/s/ Charles J. Cooper*
Charles J. Cooper
*Counsel for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with Federal Rule of Appellate Procedure 28(j) because the body, including footnotes, contains 349 words.

Dated: August 21, 2023                /s/Charles J. Cooper
                                                                     Charles J. Cooper
                                                                     *Counsel for Defendants-Appellants*

USCA11 Case: 22-13135　　Document: 51　　Date Filed: 08/21/2023　　Page: 4 of 4

*Honeyfund.com, Inc. v. Governor,
State of Florida*, 22-13135

# CERTIFICATE OF INTERESTED PERSONS AND
# CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. Rule 26.1, I certify that the Certificates of Interested Persons contained in the Brief of Appellants and the other briefs that have been filed in this appeal are, to the best of my knowledge, complete.

Dated: August 21, 2023　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/Charles J. Cooper
　　　　　　　　　　　　　　　　　　Charles J. Cooper
　　　　　　　　　　　　　　　　　　*Counsel for Defendants-Appellants*

C-1 of 1