No. 22-13135

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

HONEYFUND.COM, INC., PRIMO TAMPA, LLC, CHEVARA ORRIN, and WHITESPACE CONSULTING, LLC D/B/A COLLECTIVE CONCEPTS, LLC,

*Plaintiffs-Appellees,*

v.

GOVERNOR, STATE OF FLORIDA, ET AL.,

*Defendants-Appellants.*

Appeal from the United States District Court for the Northern District of Florida

No. 4:22-cv-227 (MW) (MAF)

**MOTION TO TRANSFER CONSIDERATION OF PLAINTIFFS-APPELLEES' ATTORNEY'S FEES ON APPEAL**

Shalini Goel Agarwal
Fla. Bar No. 90843
THE PROTECT DEMOCRACY
PROJECT
Pennsylvania Ave., NW, Suite 163
Washington, DC 20006
Tel: (202) 579-4582
shalini.agarwal@protectdemocracy.org

Sara Chimene-Weiss
THE PROTECT DEMOCRACY PROJECT
7000 N. 16th St., Suite 120, #430
Phoenix, AZ 85020
Tel: (202) 934-4237
sara.chimene-weiss@protectdemocracy.org

John Langford
Rachel Goodman
THE PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Douglas Hallward-Driemeier
ROPES & GRAY LLP
2099 Pennsylvania Ave., NW
Washington, DC 20006-6807
Tel: (202) 508-4776
Douglas.Hallward-Driemeier@ropesgray.com

Amy Jane Longo
ROPES & GRAY LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
Tel: (310) 975-3269
Amy.Longo@ropesgray.com

***Counsel for Plaintiffs-Appellees***

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Plaintiffs-Appellees certify that the following is a complete list of interested persons as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1:

1. Agarwal, Shalini G., *Attorney for Plaintiffs-Appellees*

2. Cepero, Monica, Commissioner of the Florida Commission on Human Relations, *Defendant-Appellant*

3. Chimene-Weiss, Sara, *Attorney for Plaintiffs-Appellees*

4. Cooper & Kirk, PLLC, *Attorneys for Defendants-Appellants*

5. Cooper, Charles J., *Attorney for Defendants-Appellants*

6. DeSantis, Ron, Governor of the State of Florida, *Defendant-Appellant*

7. Farmer, Libby, Commissioner of the Florida Commission on Human Relations, *Defendant-Appellant*

8. Florida Attorney General Service, *Attorney for Defendant-Appellant Moody*

9. Garza, Mario, Commissioner of the Florida Commission on Human Relations, *Defendant-Appellant*

10. Goodman, Rachel E., *Attorney for Plaintiffs-Appellees*

11. Hallward-Driemeier, Douglas, *Attorney for Plaintiffs-Appellees*

12. Hanson, Dawn, Commissioner of the Florida Commission on Human Relations, *Defendant-Appellant*

13. Hart, Larry, Commissioner of the Florida Commission on Human Relations, *Defendant-Appellant*

14. Honeyfund.com, Inc., *Plaintiff-Appellee*

15. Langford, John T., *Attorney for Plaintiffs-Appellees*

16. Longo, Amy Jane, *Attorney for Plaintiffs-Appellees*

17. Margulis, Sara, *Declarant*

18. McBroom, Antonio, *Declarant*

19. McGhee, Darrick, Senior Chair of the Florida Commission on Human Relations, *Defendant-Appellant*

20. Moody, Ashley, Attorney General of the State of Florida, *Defendant-Appellant*

21. Moye, Kenyatta, Commissioner of the Florida Commission on Human Relations, *Defendant-Appellant*

22. Myrtetus, Vivian, Commissioner of the Florida Commission on Human Relations, *Defendant-Appellant*

23. Newhall, Timothy L., *Attorney for Defendant-Appellant Moody*

24. Office of the Attorney General of the State of Florida, *Attorneys for Defendants-Appellants*

25. Ohlendorf, John D., *Attorney for Defendants-Appellants*

26. Orrin, Chevara, *Plaintiff-Appellee and Declarant*

27. Payne, Pamela, Commissioner of the Florida Commission on Human Relations, *Defendant-Appellant*

28. Pichard, Jay, Commissioner of the Florida Commission on Human Relations, *Defendant-Appellant*

29. Primiano, Angela, Vice Chair and Commissioner of the Florida Commission on Human Relations, *Defendant-Appellant*

30. Primo Partners III LLC, *Parent Company of Plaintiff-Appellee Primo Tampa LLC*

31. Primo Partners LLC, *Parent Company of Primo Partners III LLC*

32. Primo Tampa LLC, *Plaintiff-Appellee*

33. Protect Democracy, *Attorneys for Plaintiffs-Appellees*

34. Ramer, John D., *Attorney for Defendants-Appellants*

35. Ropes & Gray, LLP, *Attorneys for Plaintiffs-Appellees*

36. Whitespace Consulting LLC d/b/a Collective Concepts LLC, *Plaintiff-Appellee*

37. Wold, Megan M., *Attorney for Defendants-Appellants*

Plaintiff-Appellee Primo Tampa LLC is a subsidiary of Primo Partners III LLC, which is a subsidiary of Primo Partners LLC. No publicly traded company or corporation has an interest in the outcome of this case or appeal.

*/s/ Shalini Goel Agarwal*
Shalini Goel Agarwal

*Counsel for Plaintiffs-Appellees*

# MOTION TO TRANSFER CONSIDERATION OF PLAINTIFFS-APPELLEES' ATTORNEY'S FEES ON APPEAL

Pursuant to Eleventh Circuit Court of Appeals Rule 39-2(d), Plaintiffs-Appellees respectfully request that the Court transfer consideration of Plaintiffs-Appellees' forthcoming motion for attorney's fees to the United States District Court for the Northern District of Florida, the court from which this appeal was taken (the "District Court"),[1] and state in support thereof:

1. This appeal arises out of a 42 U.S.C. § 1983 action for declaratory and injunctive relief wherein Plaintiffs-Appellees alleged that Defendants-Appellants infringed Plaintiffs-Appellees' rights under the First and Fourteenth Amendments of the United States Constitution.

2. On August 18, 2022, the District Court granted Plaintiffs' motion for preliminary injunction. Defendants appealed that decision to this Court.

---

[1] 11th Cir. Rule 39-2(d) provides, "Any party who is or may be eligible for attorney's fees on appeal may, within the time for filing an application provided by this rule, file a motion to transfer consideration of attorney's fees on appeal to the district court or administrative agency from which the appeal was taken." In turn, 11th Cir. Rule 39-2(a) requires that an application for attorney's fees in this Court be filed "within 14 days after the time to file a petition for rehearing or rehearing en banc expires, or within 14 days after entry of an order disposing of a timely petition for rehearing or denying a timely petition for rehearing en banc, whichever is later." According to the rules, the time to file a petition for rehearing or rehearing en banc is each "within 21 days of entry of judgment." 11th Cir. R. 35-2 & 40-3. Because judgment was entered on March 4, 2024, the deadline for filing a petition for rehearing or rehearing en banc was therefore March 25, 2024. An additional 14 days from March 25, 2024 is a deadline of April 8, 2024. Therefore, this motion is timely filed, as it is being filed within the time for filing an application for attorney's fees.

3. On March 4, 2024, this Court issued an opinion affirming the District Court's ruling, thereby upholding the preliminary injunction. This Court issued its mandate on April 2, 2024.

4. 42 U.S.C. § 1988(b) provides that in actions arising under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." A prevailing party in a federal civil rights suit "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enters.*, 390 U.S. 400, 402, 88 S. Ct. 964, 966 (1968); *accord Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 n.7 (1983). "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433, 103 S. Ct. at 1939 (citation omitted). A prevailing party's entitlement to attorney's fees is "[d]esigned to incentivize private enforcement of civil-rights laws." *M.H. v. Comm'r of the Ga. Dep't of Cmty. Health*, 656 F. App'x 458, 461 (11th Cir. 2016). In the context of a preliminary injunction, the Eleventh Circuit has explained that "a preliminary injunction on the merits . . . entitles one to prevailing party status and an award of attorney's fees." *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1356 (11th Cir. 2009) (quoting *Taylor v. City of Fort Lauderdale*, 810 F.2d 1551, 1558 (11th Cir. 1987)).

5.　　In light of the above, Plaintiffs-Appellees intend to file a forthcoming motion for attorney's fees on appeal. Plaintiffs-Appellees also intend a file a substantially similar (potentially consolidated) motion for attorney's fees for the District Court litigation.

6.　　Judicial efficiency would be best served if Plaintiffs-Appellees' application for appellate attorney's fees were considered and ruled on by the District Court together with the attorney's fees motion for work in connection with the District Court proceedings. That is especially so here, where the fee application will be significant in light of the complex and varied nature of the issues on appeal. Consolidation of the fee applications for both the District Court and appellate phases of the litigation will ensure consistency and avoid the need for duplicative briefing and judicial resolution of identical issues in two courts.

7.　　This motion is made in good faith and not for any improper purpose.

8.　　Counsel for Plaintiffs-Appellees reached out on April 8, 2024 to ask whether Defendants-Appellants planned to oppose this motion to transfer. By the time of filing, counsel for Plaintiffs-Appellees were not aware of Defendants-Appellants' position.

For the foregoing reasons, Plaintiffs-Appellees respectfully move this Court for an Order transferring consideration of their forthcoming motion for attorney's fees on appeal to the United States District Court for the Northern District of Florida.

Dated: April 8, 2024

Respectfully submitted,

By: */s/ Shalini Goel Agarwal*
Shalini Goel Agarwal
Fla. Bar No. 90843
THE PROTECT DEMOCRACY PROJECT
Pennsylvania Ave., NW, Suite 163
Washington, DC  20006
Tel: (202) 579-4582
shalini.agarwal@protectdemocracy.org

Sara Chimene-Weiss
THE PROTECT DEMOCRACY PROJECT
7000 N. 16th St., Suite 120, #430
Phoenix, AZ 85020
Tel: (202) 934-4237
sara.chimene-weiss@protectdemocracy.org

John Langford
Rachel Goodman
THE PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038
Tel: (202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

Douglas Hallward-Driemeier
ROPES & GRAY LLP
2099 Pennsylvania Ave., NW
Washington, DC 20006-6807
Tel: (202) 508-4776
Douglas.Hallward-Driemeier@ropesgray.com

Amy Jane Longo
ROPES & GRAY LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
Tel: (310) 975-3269
Amy.Longo@ropesgray.com

**Counsel for Plaintiffs-Appellees**

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2024, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Shalini Goel Agarwal*
Shalini Goel Agarwal